UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Christina Marie Esquer,<br>Martin Alonso Astorga Meza,<br><br>                              *Defendants.* | **Protective Order**<br><br>**21 Cr. 62 (LJL)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant(s) of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rules of Criminal Procedure 5(f) and 16, 18 U.S.C. §3500, and the Government's obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will

be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3. **Redactions to Disclosure Material.** As both defendants want to avoid any inappropriate use of the disclosure material, the defendants consent to appropriate redactions, agreed upon by their counsel, to the copies of the disclosure material that will be provided to them. In the event that counsel for the Government and counsel for the defendants are unable to agree whether specific redactions are appropriate, the matter will be presented to the Court for resolution.

4. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction not otherwise provided for in Paragraph 2 of the Order. It will also afford the defense prompt access to those materials, in unredacted form to counsel and in the redacted form to the defendants, which will facilitate the preparation of the defense.

5. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly, it is hereby Ordered:**

6. Disclosure material shall not be disclosed by the defendant(s) or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site[1] to which persons other than the parties

---

[1] This does not prohibit counsel for either defendant from using secure private web services, such as "Drop Box," to store disclosure material or sensitive disclosure material, provided that the only

2

hereto have access and shall not disclose any disclosure material to the media or any third party except as set forth below.

    7. Disclosure material that is not redacted may be disclosed by counsel to:

    (a) The defendant(s) for purposes of defending this action;

    (b) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

    (c) Prospective witnesses for purposes of defending this action.

    8. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

    9. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1

## Disclosure and Protection of Seized ESI

    10. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized during the course of the investigation from various cellphones.

---

people with access to such services are those authorized herein to receive disclosure material or redacted disclosure material, or to transfer such material to such authorized recipient.

3

11. The Government is authorized to disclose to counsel for the defendant(s), for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendant(s), defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

12. This Order places no restriction on a defendant(s)'s use or disclosure of ESI that originally belonged to the defendant(s).

## Return or Destruction of Material

13. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any judgment of conviction in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

14. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

4

15. The Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendants, defense counsel, and personnel for whose conduct counsel is responsible, i.e., personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized EDI disclosure material except as otherwise set forth under this Order.

16. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Retention of Jurisdiction**

17. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

    Audrey Strauss
    United States Attorney

by: __JACOB GUTWILLIG_____     Date: _____
   (Digitally signed by JACOB GUTWILLIG, Date: 2021.02.16 19:04:02 -05'00')
    Jacob Gutwillig
    Assistant United States Attorney


   /s/ Amy Gallicchio_____     Date: 2/16/2021_____
    Amy Gallicchio
    Counsel for Martin Alonso Astorga Meza

__Jill R. Shellow_____     Date: _____
(Digitally signed by Jill R. Shellow, Date: 2021.02.16 18:42:08 -05'00')
    Jill Shellow
    Counsel for Christina Marie Esquer


SO ORDERED:

Dated:  New York, New York
        February 17, 2021

                                            _____
                                            HONORABLE LEWIS J. LIMAN
                                            UNITED STATES DISTRICT JUDGE